UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S&S RV CENTRE, INC., et al.,

    Plaintiffs and Counter-Defendants,

v.

    Case Number 1:06-cv-94

    Honorable Wendell A. Miles

KEYSTONE RV COMPANY,

    Defendant and Counter-Plaintiff,

v.

JOHN DOE #1, et al.,

    Defendants.
_____/

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for Monday, March 20, 2006, at 10:00 a.m. before United States Magistrate Judge Hugh Brenneman. Appearing for the parties as counsel will be: Brad Groom of Parmenter O'Toole, Local Counsel for Plaintiffs, and Geoffrey Fields of Dickinson Wright, PLLC, on behalf of defendant Keystone RV Company ("Keystone").

    (1)    <u>Jurisdiction</u>. The basis for the Court's jurisdiction is 28 U.S.C. § 1332 due to diversity of citizenship. The Court also has original jurisdiction over Keystone's Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338, because Keystone asserts a claim for relief under the laws of the United States in Counts II and III. Thus, the Court has supplemental jurisdiction over Count I of this Counterclaim pursuant to 28 U.S.C. § 1367. Plaintiffs further submit that, if the identity of a John Doe is discovered and he/she resides in the State of Michigan, Plaintiffs reserve the right to

file a motion to remand this action back to State court on the grounds that the action lacks diversity of citizenship.

  (2) <u>Jury or Non-Jury</u>.  This case is to be tried before a Jury.

  (3) <u>Judicial Availability</u>.  The parties do agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

  (4) <u>Geographic Transfer</u>.  The parties are advised of the possibility, pursuant to W.D. Mich. LCiv.R. 3.3(h), of a transfer of the action to a judge located in a different city, on the basis of the convenience of counsel, the parties, or witnesses.  Reassignment of the action shall be at the discretion of the Court and shall require the consent of all parties and of both the transferor and transferee judge.  The parties agree that a transfer for geographic convenience is not required in this case.

  (5) <u>Statement of the Case</u>.

    (a) <u>Plaintiff's Statement</u>

  This case involves a dispute between Plaintiffs, who engage in the sale of and service of recreational vehicles (hereinafter "RV"), and Keystone, which manufactures RV's.  Plaintiffs allege they had a Distribution Agreement with Montana, a Division of Defendant Keystone.  Plaintiffs contend that on or about July 8, 2005, Defendant Keystone notified Lakeshore that it was discontinuing Plaintiffs as a Montana product line distributor.  Plaintiffs further allege that Keystone's position lacks good cause, was not procedurally proper or timely, and is in violation of the Michigan Dealer Act and Michigan Common Law.

(b)     Keystone's Statement

Keystone denies liability to Plaintiffs and anticipates engaging in a rigorous motion practice regarding the claims asserted in their Complaint. In the first place, plaintiffs Adam Sobczak and Sean Sobczak lack standing to assert any claim against Keystone, which had an oral agreement with plaintiff S&S RV Centre, Inc., d.b.a. Lakeshore RV ("Lakeshore"). As for Lakeshore, which claims wrongful termination of the oral agreement, Keystone's defenses include the following: (a) Lakeshore cannot prevail on its breach of contract claim based on Keystone's decision to terminate an *at-will* oral agreement; (b) Lakeshore cannot assert a claim under the Michigan Dealer Act, because there was no written agreement, and because Keystone sold non-motorized vehicles to Lakeshore; (c) the existence of an oral agreement, coupled with the Statute of Frauds, bars any claim for breach of good faith/fair dealing, quantum meruit, or promissory estoppel; (d) Keystone did not owe, and therefore could not breach, a fiduciary duty in this commercial relationship; (e) there is no basis in law or fact to assert a Michigan antitrust claim; (f) Plaintiffs cannot assert a standalone conspiracy claim under Michigan law; and (g) Michigan law precludes punitive damages. In its Counterclaim, Keystone asks the Court to rule that Plaintiffs may not assert any claim for relief under the Michigan Dealer Act, for reasons set forth above; and Keystone asserts claims under Sections 32 and 43 of the Lanham Act, 15 U.S.C. § § 1114 and 1125(a), arising from misuse of trademark rights.

(6)     Pendent State Claims.

Plaintiffs submit that all of the claims in this action are pendent state claims and that they allege that the facts clearly establish Keystone's wrongful conduct, ulterior motives, and establish sufficient facts to establish common law and statutory violations of Michigan law including, but not limited to, breach of an oral agreement, quantum meruit, breach of Michigan Dealer Act,

breach of fiduciary duty, promissory estoppel, breach of Anti-Trust Reform Act, conspiracy, and potentially other causes of action.

Keystone submits that this case does not include pendent state claims, except to the extent that the Court has supplemental jurisdiction over Count I of the Counterclaim as a result of Keystone's federal claims.

(7) <u>Joinder of Parties and Amendment of Pleadings</u>. The parties expect to file all motions for joinder of parties to this action and file all motions to amend the pleadings by April 20, 2006.

(8) <u>Disclosures and Exchanges</u>:

(i) Fed.R.Civ.P.26(a)(1) disclosures should be made by May 19, 2006.

(ii) Plaintiffs should furnish the names of their expert witnesses to Keystone by May 19, 2006. Keystone should furnish the names of its expert witnesses to plaintiffs by June 19, 2006. In this case, would be advisable to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2).

(iii) The parties have agreed to make available the following documents without the need of a formal request for production: all documents that evidence any agreement between the parties; and all documents that evidence any communication between the parties.

(9) <u>Discovery</u>. The parties believe that all discovery proceedings can be completed by September 20, 2006. The parties expect to exchange documents and take depositions of the principal representatives of Plaintiffs and Keystone. No party should take more than eight depositions or issue more than 20 interrogatories without prior permission from the Court.

(10) <u>Motions</u>: The parties anticipate that all dispositive motions will be filed by October 20, 2006. The parties acknowledge that it is the policy of this Court to prohibit the

consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

(11)  <u>Alternative Dispute Resolution</u>: Plaintiffs propose that this case be submitted to Michigan case evaluation.  Keystone proposes that the case be submitted to voluntary facilitative mediation after an appropriate period for conducting discovery, including exchange of documents.

(12)  <u>Length of Trial</u>: Counsel estimate the trial will last approximately three to five days, total.

(13)  <u>Prospects of Settlement</u>.  The status of settlement negotiations is: the parties have met without counsel to discuss the possibility of settlement.

APPROVED AND SIGNED:

| PARMENTER O'TOOLE | DICKINSON WRIGHT PLLC |
|---|---|
| Attorneys for Plaintiff | Attorneys for Defendant |
| By:   */s/ Brad Groom (with permission)* | By:   */s/ Geoffrey A. Fields* |
| Brad Groom | Geoffrey A. Fields |
| 175 West Apple Avenue | Kevin O'Dowd |
| Muskegon, MI  49440 | 200 Ottawa Avenue NW, Suite 900 |
| (231) 722-5404 | Grand Rapids, MI  49503 |
| | (616) 458-1300 |

GRAPIDS 169462v3